## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CLINTON** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** 07-5686(KSH) |
| **v.** | : | |
| | : | |
| **JERSEY CITY POLICE DEPT. et al.,** | : | |
| | : | **ORDER** |
| **Defendants.** | : | |

This matter having come before the Court by way of plaintiff's motion, filed on May 26,

2009 for appointment of <u>pro bono</u> counsel;[1]

———————————————————

[1] As noted in the Order dated March 23, 2009:

> On November 28, 2007, Leverne Clinton ("Plaintiff") submitted a Complaint against the Jersey City Police Department, Officer Sanchez, Officer Koszyk, Sergeant Voutsas, and the Jersey City Medical Center (collectively, "Defendants"). Docket Entry No. 1. In his Complaint, the plaintiff alleges that, on February 12, 2006, Jersey City Police Officers Sanchez and Koszyk and Sergeant Voutsas assaulted the plaintiff on Lexington Avenue in Jersey City. Complaint at ¶ 6. The plaintiff asserts that the officers hit him "with night sticks and stomped [him] severely until [he] received broken ribs, torn rotory [sic] cup [sic], [and] head and knee injuries." <u>Id.</u> The plaintiff also asserts that, when he was hospitalized for these injuries at the Jersey City Medical Center, the Medical Center X-rayed his ribs but "refused to treat" his other injuries. <u>Id.</u> Based upon these events, plaintiff seeks damages. <u>Id.</u> at ¶ 7. During the pendency of this case, plaintiff submitted to this Court an "Application to Withdraw Complaint Without Prejudice" which contained various reasons why plaintiff [wanted to withdraw the Complaint]. By Order dated November 14, 2008, this Court granted plaintiff's application. Docket Entry 46. Subsequently, plaintiff submitted a Motion for Reconsideration regarding this Court's November 14, 2008 Order, stating that "I have just recently learned that by withdrawing my complaint . . . the statue of limitations clock now ticks[.] I knew nothing about [the statute of limitations], and now I feel that my claim will be shortly lost [] due to my own ignorance of the law." Docket Entry No. 51. By Order dated February 19, 2009, the Court reinstated plaintiff's Complaint noting that "only after [plaintiff] withdrew his complaint did he realize the detrimental impact of such withdrawal on his ability to timely re-file his case." Docket Entry 54.

Docket Entry No. 57 at 1 n.1.

and the Court having considered plaintiff's application;[2]

and the Court noting that it has broad discretion under 28 U.S.C. § 1915 to appoint pro bono counsel to represent indigent litigants; see Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997);

and it appearing that a court may grant a properly filed application for appointment of pro bono counsel if the plaintiff's claims have some "merit in fact and law," Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002);

and the Court further being required to consider the following non-exhaustive list of factors:

    1. the plaintiff's ability to present his own case;
    2. the difficulty of the particular legal issues;
    3. the degree to which factual investigation will be necessary and the ability of the

---

On May 26, 2009, plaintiff filed a Motion to Appoint pro bono Counsel. Docket Entry No. 59. On June 1, 2009, plaintiff submitted an application for pro bono Counsel. Docket Entry No. 61. Since both documents address the appointment of pro bono counsel and make similar claims, the Court will address both documents in this Order.

[2] In his motion, plaintiff argues that: (1) the law library maintained by the Southern State Correctional Facility is "not in compliance with established case law and the administrative code;" (2) he is an "indigent prisoner;" (3) his schooling is limited to an eighth grade education; (4) plaintiff is unable to litigate the case due to the "nuances of civil litigation" and the number of defendants; (5) plaintiff was only able to handle his case because he received assistance; (6) he has no ability to investigate the facts because he is incarcerated; (7) the case will require considerable discovery; (8) the case involves complex issues regarding liability; (9) plaintiff does not have the skill to conduct a jury trial; (10) the allegations, if proven, are obvious constitutional violations; (11) the defendants are represented by competent attorneys; and (12) the memorandum of law along with the facts support his request for appointed counsel. Docket Entry No. 59.

Plaintiff also filed the "Form to be Used by a Prisoner Filing an Application for Pro Bono Counsel in a Civil Rights Case." Docket Entry No. 61. In this document, plaintiff argues that the Court should appoint him pro bono counsel because: (1) the case involves complex constitutional issues; (2) he lacks the capacity to present the case without an attorney; (3) plaintiff is unable to investigate the claims because he is incarcerated; and (4) he is unable to obtain an attorney because he is incarcerated and indigent.

plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Id.; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (also known as the Tabron factors);

and plaintiff having previously applied pro bono counsel on July 14, 2008, July 28, 2008,

September 25, 2008, and March 9, 2009, see Docket Entry Nos. 23, 29, 56.[3]

and the Court assuming for the purposes of this application that plaintiff's claims are

meritorious;

_____

[3] As noted in the Order dated March 23, 2009:

Plaintiff's July 14, 2008 application was denied in the Opinion dated July 16, 2008 because the plaintiff had not set forth any facts under the Tabron factors that warranted appointment of counsel. See Docket Entry No. 24. Plaintiff's July 28, 2008 application was denied because the Court found that the plaintiff had merely restated the Tabron factors, again without providing specific facts as to why he qualifies for the appointment of pro bono counsel. See Docket Entry No. 28. Plaintiff's September [25], 2008 application was denied [by Order] dated October 14, 2008[, because] (1) plaintiff's future inability to access inmates who had been assisting him with his case did not bear on appointing counsel; (2) the case is not complex as it is a case of simple assault; (3) the plaintiff has the tools under the Federal Rules of Civil Procedure to conduct factual investigation; (4) the plaintiff has not shown that expert testimony is required; (5) his then-expected release to a half-way house will arguably provide him with a greater ability to press his case; and ([6]) his indigence alone does not support the appointment of counsel. In addition, the Court found that the plaintiff's ability to present an articulate complaint as well as other documents, and his overall ability to prosecute his claim did not support the appointment of counsel. Finally, the Court noted that there was no material change in circumstances from the plaintiff's previous applications. See id.

Docket Entry No. 57 at 2-3 n.3.

Plaintiff's March 9, 2009 motion was denied in the Opinion dated March 23, 2009. Docket Entry No. 57. The Court found that pro bono counsel was not warranted because: (1) indigency alone is insufficient; (2) plaintiff did not support his assertion that the prison law library was deficient; (3) plaintiff presented no change from his prior pleadings; and (4) plaintiff's other concerns can be handled by other means other than through appointed counsel. See id.

and a consideration of the <u>Tabron</u> factors showing that appointment of <u>pro</u> <u>bono</u> counsel

is not warranted;[4]

---

[4] An application of the <u>Tabron</u> factors to this request again shows that plaintiff is not entitled to appointed counsel.  First, plaintiff is capable of presenting his case.  Generally, courts consider plaintiff's education, literacy, prior work experience, and prior litigation experience, as well as plaintiff's ability to understand English.  <u>Tabron</u>, 6 F.3d  at 156.  Here, the plaintiff speaks English and his submissions demonstrate that he is literate and able to articulate his claims and requests for relief.  <u>See</u> Docket Entry Nos. 1, 59, 61.  Moreover, the plaintiff has not identified any reason that he cannot proceed on his own other than the fact that he has a limited education and received help in filing the application.  Docket Entry No. 59 at ¶ 3, 5.  These circumstances have not impeded his effective pursuit of his claims.

Plaintiff also reiterates his claim that the law library is not in compliance, however, plaintiff does not address any the Court's prior observations about this assertion.  In its March 24, 2009 Opinion denying appointment of <u>pro</u> <u>bono</u> counsel, the Court noted that:

under <u>Bounds v. Smith</u>, 430 U.S.  817, 828 (1977), a prisoner is entitled to access to sufficient legal materials.  Here, plaintiff has not provided any details to support or explain his assertion that the prison's library lacks the requisite materials, moreover, limited access to the law library does not warrant the appointment of counsel, particularly in a case like this where the law is settled and the facts out of which the claims arise are not complex.  Challenges posed by limited access can be addressed by providing extended deadlines to complete the case.  If the plaintiff believes that the limited hours of library access impedes his ability to meet court deadlines, then he should submit a letter requesting to extend the deadline and set forth the amount of time he believes is needed

Docket Entry No. 57.  The plaintiff has presented no new facts to warrant reconsideration of these observations.

Plaintiff also contends that he is unable to litigate this matter due to the "nuances of civil litigation" combined with the number of defendants all of whom are represented by competent counsel. Docket No. 59 at ¶ 4, 11.  However, plaintiff has been able to effectively litigate this matter as demonstrated by his response to an order to show cause, discovery responses, applications for relief, and a motion for reconsideration of an order dismissing the case.  <u>See</u> Docket Nos. 44, 42, 51.  Accordingly, since the plaintiff is able to effectively seek relief and is not clearly disadvantaged by his alleged inexperience with the federal evidence and discovery rules, this factor weighs against appointing counsel.

Second, the complexity of this case does not warrant appointment of counsel.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  <u>Tabron</u>, 6 F.3d at 156 (citing to <u>Maclin v. Freake</u>, 650 F.2d 885, 889 (7th Cir. 1981)).  Here, the plaintiff

alleges his civil rights were violated when the defendants used excessive force against him.  This area of law is well developed and the facts out of which his claim arises are not complex.  The fact that the case may proceed in front of a jury does not warrant appointment of <u>pro</u> <u>bono</u> counsel, particularly where plaintiff has not explained why he could not present his case to a jury.  Indeed, the issues and claims are ones a jury could understand without the help of an expert.  Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

Third, plaintiff's incarceration will not burden his ability to conduct discovery.  <u>Tabron</u>, 6 F.3d at 156 (stating "[t]he court may . . . consider the extent to which prisoners and other suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules.").  First, the plaintiff can no longer be burdened during discovery because it is complete.  Second, plaintiff had access to the tools of discovery and has not voiced any challenges to his ability to conduct discovery during the discovery period.   This factor, therefore, weighs against appointment of counsel.

Fourth, the Court must consider whether or not the case is likely to turn on credibility determinations.  "[W]hen considering this factor, courts should determine whether the case was <u>solely</u> a swearing contest."  <u>Parham</u>, 126 F.3d at 460 (emphasis added).  Because plaintiff alleges that his arrest involved excessive force, it is likely that this case will depend in part on credibility determinations.  <u>See</u> Compl. at ¶ 6; <u>Tabron</u>, 6 F.3d at 158 (observing that when several witnesses dispute certain relevant facts, the case may involve credibility determinations.).  That said, there is likely to be other evidence concerning plaintiff's claims such as medical information.  Thus, it is not likely to be "solely" a swearing contest.

Fifth, the Court does not find that plaintiff's case will require expert testimony and no experts have been disclosed to the Court.  Plaintiff's alleged injuries include "broken ribs, torn rotory [sic] cup [sic], [and] head and knee injuries," all of which would be apparent to a lay person, therefore, expert testimony is not essential to the plaintiff's case.  Compl. at ¶ 6; see, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  Moreover, the discovery period has concluded and of no experts have been identified by now, none will be appearing at trial.  Therefore, this factor weighs against appointment of counsel.

Sixth, plaintiff's inability to pay for counsel is an insufficient reason to appoint counsel.  Plaintiff was granted <u>in</u> <u>forma</u> <u>pauperis</u> status, and has, therefore, been found to be unable to pay filing fees.  Docket Entry No. 2; <u>see</u> <u>Montgomery</u>, 294 F.3d at 505; <u>Parham</u>, 126 F.3 at 461.  While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other <u>Tabron</u> factors.  In addition, plaintiff has not provided the Court with any information regarding the status of his attempts to retain an attorney or how his incarceration has impeded his ability to retain counsel.  Moreover, plaintiff refers to continued legal assistance received from prison paralegals.  Docket Entry No. 59-3 at ¶ 5.  Thus, it appears he is, in fact, receiving some legal assistance.  Accordingly, this factor weighs

IT IS ON THIS 23rd day of July, 2009

ORDERED that the plaintiff's motion [Docket No. 59] application [Docket No. 61] for appointment of <u>pro</u> <u>bono</u> counsel is denied without prejudice.


s/Patty Shwartz _____
**UNITED STATES MAGISTRATE JUDGE**

---

against appointing counsel.

For the foregoing reasons, the Court denies plaintiff's application for the appointment of <u>pro bono</u> counsel without prejudice.