NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEVERNE CLINTON,<br><br>                  Plaintiff,<br><br>v.<br><br>JERSEY CITY POLICE DEPARTMENT, *et al.*,<br><br>                  Defendants. | Civil Action No.: 07-5686 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff Leverne Clinton's ("Plaintiff") civil rights action, brought under 42 U.S.C. § 1983, against Defendants the Jersey City Police Department and individual officers Maria Sanchez, Christopher Koszyk and Sergeant Ilias Voutsas (collectively, "Defendants").[1]

This Court has the power to appoint *pro bono* counsel, at its discretion, for indigent civil litigants under 28 U.S.C. § 1915(e). Indigent civil litigants have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In order to receive the benefit of appointed counsel, a party must assert a non-frivolous claim. Id. at 457. Once the Court determines a litigant's claim has merit, the court must consider the following factors: (1) the litigant's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree

---

[1] This Court granted Summary Judgment to Defendant Jersey City Police Department in its Order dated February 16, 2010, dismissing Plaintiff's claims against the Jersey City Police Department, and denied Summary Judgment as to the remaining Defendants, Sanchez, Koszyk and Voutsas.

to which factual investigation will be necessary and the ability of the litigant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the litigant can attain and afford counsel on his own behalf. Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir 1993)). The list of factors identified in Parham and Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Id. at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F.3d at 157).

Applying the foregoing factors to this case reveals that the appointment of *pro bono* counsel is appropriate at this time. Plaintiff brings a non-frivolous claim, which has survived summary judgment, that Defendants violated his Fourth Amendment rights by using excessive force in attempting to arrest Plaintiff and in eventually arresting him. Plaintiff's *in forma pauperis* application was granted on December 5, 2007 [ECF No. 2] and he has therefore made a sufficient showing that he is unable to afford counsel. Plaintiff is currently incarcerated, which restricts his ability to communicate with opposing counsel and to prepare his case for trial. The potential complexity of the legal issues involved in presenting evidence at trial weighs in favor of appointing *pro bono* counsel at this time. Finally, credibility determinations will play a substantial role in this case, in which Plaintiff's description of his arrest differs starkly from the description of the Defendants.

For the foregoing reasons, this Court will exercise its discretion under 28 U.S.C. § 1915(e) to appoint *pro bono* counsel for Plaintiff *sua sponte*. Accordingly,

**IT IS** on this \_\_\_10\_\_\_ day of \_\_\_October_____, 2014

**ORDERED** that *pro bono* counsel be appointed for Plaintiff.

**SO ORDERED.**

_____
                    **CLAIRE C. CECCHI, U.S.D.J.**