**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEVERNE CLINTON,<br><br>              Plaintiff,<br><br>     v.<br><br>JERSEY CITY POLICE DEPARTMENT, *et al.*,<br><br>              Defendants. | Civil Action No.: 2:07-5686-CCC-MF<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff Leverne Clinton's ("Plaintiff") motion for leave to file an amended complaint. ECF No. 125. Defendants Police Officer Christopher Koszyk ("Koszyk"), Police Officer Maria Sanchez ("Sanchez"), and Sergeant Ilias Voutsas ("Voutsas," and collectively, "Defendants") oppose Plaintiff's motion. ECF No. 125. The Court decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint in this civil rights action, brought under 42 U.S.C. § 1983, against the Jersey City Police Department ("JCPD") and the aforementioned Defendants on November 28, 2007. Plaintiff contended that Defendants used excessive force in violation of his Fourth Amendment rights when they arrested him on February 11, 2006. Plaintiff's and

Defendants' accounts of the events that form the basis for his claims diverge significantly.

Over the course of the action, Plaintiff submitted five applications for *pro bono* counsel. *See* ECF Nos. 23, 29, 56, 59, 61. The Court denied those applications without prejudice. On July 30, 2009, the Final Pretrial Order was entered, with the Plaintiff having failed to file a submission containing written narrative statements of facts that would be offered into evidence at trial or identifying witnesses and exhibits. *See* ECF No. 70. Thus, the Final Pretrial Order contained only Defendants' narrative, exhibit list, and witness list. *Id.* Thereafter, on February 6, 2010, the Court granted summary judgment to Defendant JCPD, dismissing Plaintiff's claims against the department, and denied summary judgment as to the remaining Defendants, Sanchez, Koszyk, and Voutsas. *See* Summ. J. Op., ECF No. 73. The Court then dismissed the action on October 25, 2012, as it was unable to locate Plaintiff due to a change of address. ECF No. 85. The Court reopened the case when Plaintiff notified the Court of his new address in April 2013. ECF No. 88. The case was reassigned to the undersigned on February 26, 2014. ECF No. 91.

Following reassignment of the case and in light of the fact that Plaintiff's claims against the individual Defendants had survived summary judgment, the Court appointed *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Op. Appointing Pro Bono Counsel, ECF No. 98. The undersigned concluded that Plaintiff brought a non-frivolous claim which had survived summary judgment, Plaintiff had made a sufficient showing that he was unable to afford counsel, Plaintiff's incarceration had restricted his ability to communicate with opposing counsel and to prepare his case for trial, and the potential complexity of the legal issues involved in presenting evidence at trial weighed in favor of appointing *pro bono* counsel. *See id.*

Having received counsel, Plaintiff moved to "reopen discovery so that he could identify the officers who assaulted him." Plaintiff's Memorandum in Support ("Pl. M."), ECF No. 124 at

2

2. The Court granted this motion and issued a Joint Scheduling Order on May 15, 2015. *See* ECF No. 109. On January 8, 2016, Plaintiff filed a motion for leave to file the first amended complaint. *See* ECF No. 116. On January 29, this Court issued an order granting the withdrawal of Plaintiff's motion without prejudice and with "leave to refile once Plaintiff is able to confirm the identities of additional officers." ECF No. 121. "Plaintiff then engaged in discovery to that end." Pl. M. at 3. On June 13, 2016, this Court held a settlement conference at which the deadline for Plaintiff's motion to amend was set for July 13, 2016. Plaintiff filed the instant motion to amend on July 13, 2016. *See* ECF No. 124. Plaintiff seeks to add Officer Thomas Revell and the City of Jersey City as defendants, dismiss claims against Officer Maria Sanchez, add claims for denial of access to court in violation of the First and Fourteenth Amendments to the United States Constitution, and to clarify his allegations against all Defendants. *See id.* Defendants oppose the motion. *See* Defendants' Brief in Opposition ("Def. Br."), ECF No. 125.

## II.   DISCUSSION

### A.   Applicable Standard for Plaintiff's Motion for Leave to Amend

The threshold inquiry before resolving a motion to amend a pleading is whether that motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *See Watson v. Sunrise Senior Living Servs., Inc.*, No. CIV.A. 10-230 KM, 2015 WL 1268190, at *5 (D.N.J. Mar. 18, 2015). Although Rule 15(a) governs the amendment of pleadings, a motion to "amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)." *Karlo v. Pittsburgh Glass Works*, LLC, No. CIV.A. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Unlike "the more liberal approach to amendments established" in Rule 15(a)(2)— which provides that the court should freely give leave when justice so requires—Rule 16 requires that a party show "good cause" prior to the court amending its scheduling order. *See Race Tires*

3

*Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (internal quotation marks omitted).

Defendants argue Rule 16 applies because the first scheduling order, issued on May 20, 2008, provided that "any and all motions . . . to amend pleadings shall be filed not later than July 31, 2008." Def. Br. at 6. Plaintiff contends that Defendants' suggestion is "incredibl[e]" and "[t]hat argument ignores the eight years of intervening procedural history, including the discussions with the Court that led to the filing of this motion." Plaintiff's Reply Memorandum of Law ("Pl. R."), ECF 127 at 1. The Court agrees with Plaintiff.

Defendants' argument that the amended pleading should not be allowed is unavailing given that the Court set an updated schedule at a June 13, 2016 conference, specifically allowing for such a motion. *See In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. Civ. A. 12-3571-WJM, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015) ("The bottom line is the deadline for amended pleadings contained in the original scheduling order is – and has been – inoperative for quite some time, much like the rest of the scheduling order. It would be illogical to hold Plaintiffs to an amendment deadline date in a scheduling order that long ago went stale."). Accordingly, Plaintiff's motion was timely filed as to the scheduling order set by the Court, and Rule 15 governs the instant motion.[1]

---

[1] If the Court were to apply Rule 16, the amendment would still be appropriate, as Plaintiffs have shown sufficient good cause for seeking to amend after the deadline in the original scheduling order. To establish good cause, the movant must show that "despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. United Parcel Service*, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). The Court has "great discretion" in determining "good cause" in a particular case. *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007). The good cause shown in this case includes the entire lengthy and continuous discovery history in the case, Plaintiff's inability to conduct sufficient discovery as a *pro se* litigant while incarcerated, Plaintiff's clear attempts to obtain discovery

4

### B.    Rule 15 Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant leave to amend is left within the discretion of the district court. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Pursuant to the factors set out in *Foman v. Davis*, leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Defendants oppose Plaintiff's motion on each of these grounds, and the Court will address each in turn.

### 1.    Undue Delay

Defendants argue Plaintiff's "lack of diligence in attaining discovery and . . . unexplained delay in amending the complaint any sooner" constitutes undue delay. Def. Br. at 11. However, "[d]elay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). Moreover, Plaintiff has diligently prosecuted the case

---

despite his limited resources and incarceration, and the new information uncovered once Plaintiff was appointed *pro bono* counsel. Given the Court's long standing involvement in the case and first-hand observation of the proceedings, the Court is satisfied that the above constitutes ample good cause.

throughout the litigation. Plaintiff applied for *pro bono* counsel six times before being granted counsel in 2014. Upon appointment, Plaintiff's counsel diligently pursued discovery and advised Defendants' counsel and the Court of the intent to file an amended complaint. The Court also allowed for additional discovery for Plaintiff's counsel in January 2016. See ECF No. 121. Accordingly, the Court finds Plaintiff's motion does not present undue dely.

### 2. Bad Faith

Defendants argue that Plaintiff's dismissal of Officer Maria Sanchez, after "successfully defending a summary judgment motion by adamantly arguing that" she and other defendants "violated his Fourth Amendment rights" is a "clear showing of bad faith." Def. Br. at 12. However, the Court fails to see how bad faith results from Plaintiff's dismissal of a defendant after he has previously successfully defended a motion for summary judgment against that defendant. This procedural posture, in fact, likely suggests Plaintiff's good faith in his attempt to identify the officers who were actually involved in his arrest, rather than a bad faith attempt to win a lawsuit against any officers he can. Defendants point to no actual evidence which suggests Plaintiff's dismissal of Officer Sanchez was made in bad faith. To the contrary, Plaintiff makes clear that the amendment to dismiss Officer Sanchez is the result of discovery produced after the appointment of *pro bono* counsel. Pl. M. at 3. Plaintiff further explains he moved to remove Officer Sanchez as a defendant in January 2016, and that motion was withdrawn by Order of the Court so that Plaintiff may "confirm the identities of the additional officers involved in the arrest." *Id.* Accordingly, the Court finds Plaintiff's motion for leave to amend was not made in bad faith.

### 3. Undue Prejudice

Defendants argue "[P]laintiff's attempts to fully re-open discovery must have limits," and that the amendment of the pleading following reopening of discovery will cause prejudice. Def.

Br. at 11. "It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *O'Neill v. City of Philadelphia*, 289 F. App'x 509, 512 (3d Cir. 2008) (quoting *Cornell & Co.*, 573 F.2d at 823). "Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the nonmoving party from bringing a timely action in another forum." *In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, 2015 WL 5770202, at *3.

In this case, discovery has already been re-opened by this Court in its July 21, 2015 Scheduling Order. *See* ECF No. 109. Since that date, the parties have both been engaged in active discovery and discussions with this Court regarding the events giving rise to this litigation. Defendants identify no particular evidence for the Court to consider for its argument that Plaintiff's Amended Complaint will unfairly prejudice all parties.

Defendants further argue that the Amended Complaint is unduly prejudicial because "[P]laintiff seeks punitive damages from Officer Revell for which he is potentially liable as the City of Jersey City does not indemnify its officers for awards of punitive damages. If [P]laintiff is permitted this late amendment of his complaint, Officer Revell may be liable without indemnification." Def. Br. at 11. Plaintiff argues "the prospect of being liable, alone, is insufficient grounds for denying a motion to amend." Pl. R. at 7. The Court agrees with Plaintiff. Defendants' argument that Officer Revell may have to pay punitive damages himself is insufficient to show undue prejudice in filing an amended complaint. This fact would have been true had Plaintiff had sufficient information to name Officer Revell in the initial complaint. The lapse of time does not change this fact in any way. Accordingly, the Court finds Plaintiff's amendment does not unduly prejudice Defendants.

7

### 4.     Futility for Statute of Limitations and the Relation Back Doctrine

Defendants correctly argue that as the statute of limitations for a § 1983 claim expired for

Plaintiff's claim on February 12, 2008,[2] Plaintiff must meet the elements of the relation-back

doctrine set out in Rule 15(c)(1)(C), or his claim against Officer Revell will be futile as it will have

been filed outside of the statute of limitations.  Rule 15(c)(1)(C) provides, in relevant part, that an

amendment changing the name of a party against whom a claim is asserted will relate back to the

date of the original pleading if, within the 120-day period provided by Rule 4(m) for serving the

summons and complaint, "the party to be brought in by amendment: (i) received such notice of the

action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known

that the action would have been brought against it, but for a mistake concerning the proper party's

identity."

Defendants argue "[P]laintiff has not made a showing that . . . Officer Revell received the

notice contemplated by Rule 15(c) or Rule 4(m)."  Def. Br. at 14.  Plaintiff alleges Officer Revell

"testified that he was notified of the lawsuit by his sister right after the November 2007

commencement of this action and that he wondered why did was not involved when the action was

first filed," and therefore the notice requirements of the relation-back doctrine are met.  Pl. R. at

11.

First, the Court considers whether Officer Revell had sufficient notice of the action to

satisfy Rule 15.  The Third Circuit provides:

> notice does not require actual service of process on the party sought to be added;
> notice may be deemed to have occurred when a party who has some reason to
> expect his potential involvement as a defendant hears of the commencement of

---

[2] In New Jersey, actions filed under § 1983, governed by the statute of limitations for the State's
personal injury claim, is two years.  N.J. Stat. Ann. § 2A:14-2.

litigation through some informal means. At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action.

*Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) (internal citations omitted). Here, Defendants do not dispute that Officer Revell was present during Plaintiff's arrest. *See* Def. Br. at 9 ("Officer Revell, along with other officers, was named as one of the officers present at . . . the address where [P]laintiff was arrested."). Officer Revell's statement at a deposition on January 13, 2016 indicates he received notice when Plaintiff first instituted the action in 2007. In a discussion regarding Officer Revell's understanding of the lawsuit when it began and when the case was reopened, Officer Revell stated the following:

> Q. . . . How long after this lawsuit was filed did you speak [to] your sister about it?
> A: The second?
> Q. The first.
> A: Oh, I spoke to her right away. No, I - - about the lawsuit? I guess after it was filed. I don't know what date that is.

ECF No. 127, Ex. A. at 7. The Court finds this evidence sufficient to show Officer Revell, "a party who has some reason to expect his potential involvement as a defendant," as he was present on the day of Plaintiff's arrest, received notice that Plaintiff had instituted an action regarding those events. *See Singletary*, 266 F.3d at 195.

Next, the Court considers whether Officer Revell knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity. *See* Fed. R. Civ. P. 15(c). "Mistake of identity occurs in two situations: 1) when the plaintiff misdescribes the defendant (a 'misnomer'), and 2) when the plaintiff lacks knowledge about [who] the proper defendant is." *Cincerella v. Egg Harbor Twp. Police Dep't*, No. CIV.06-1183(RBK/JS), 2009 WL 3753518, at *4 (D.N.J. Oct. 28, 2009) (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 20 (3d Cir. 2006)). In *Singletary v. Pennsylvania Department of Corrections*, the

9

Third Circuit explained that "the plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under [the] Rule." 266 F.3d at 201. Specifically, the Court explained:

> Resolution of the question whether lack of knowledge can constitute a mistake is important in civil rights cases. For example, a person who was subjected to excessive force by police officers might not have seen the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint.

*Singletary*, 266 F.3d at 190; *see also Cincerella*, 2009 WL 3753518, at *4 (finding the relation back doctrine did not apply because it was "not the case where a plaintiff is disadvantaged by being attacked by unknown police officers whose identity the plaintiff cannot timely discover").

Officer Revell knew or should have known that he would have been named as a defendant but for a mistake based on Plaintiff's lack of knowledge. *See Arthur*, 434 F.3d at 209. There is no basis for Officer Revell to conclude that Plaintiff strategically did not name him as a defendant, as Plaintiff's original complaint summarized the events of his arrest in broad and unspecified terms as to the individual officers. *See id.* Based upon Officer Revell's participation in Plaintiff's arrest and the nature of Plaintiff's claims regarding the events of his arrest, Officer Revell knew or should have known that he would have been named as a defendant but for a mistake based on lack of knowledge. Accordingly, the Court finds Plaintiff meets the requirements necessary for his claims to relate back to the original complaint and Plaintiff's amendment is not futile as to Officer Revell.

### 5.    Futility on the Merits

Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)). "Futility of an amended complaint is reviewed under the 'same standard of legal sufficiency as applies under [F.R.C.P.] 12(b)(6).'" *Id.* (quoting *Ahmed v. Dragovich*, 297 F.3d

10

201, 209 (3d Cir. 2002)).  For a complaint to survive dismissal, it "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Given the

liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who

wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v.

J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).  Although

tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the

merits of the claims:

> If a proposed amendment is not clearly futile, then denial of leave to amend is
> improper.  This does not require the parties to engage in the equivalent of
> substantive motion practice upon the proposed new claim or defense; [it] does
> require, however, that the newly asserted defense appear to be sufficiently well-
> grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations

omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, § 1487 (2d ed. 1990).

Effectively, this means that to be futile, the proposed amendment must be "frivolous or advance a

claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings v. Dice

Elecs. LLC*, 293 F.R.D. 688, 695 (D.N.J. 1993).

First, Defendants argue Plaintiff's claims against Officer Revell are futile because "during

his deposition, [Plaintiff] testified that all police officers that assaulted him in the apartment were

wearing uniforms," and Plaintiff "acknowledges that on the day in question, Officer Revell was

working in plain-clothes capacity."  ECF No. 125, at 18.  For the purposes of a motion to dismiss,

the Court may only take into account the allegations in the complaint, and may not consider the

deposition testimony as Defendants suggest.  In the Amended Complaint, Plaintiff states:

> Multiple JCPD officers, including . . . Officer Thomas Revell . . . entered the
> apartment bedroom in which Plaintiff was trapped.  The officers ordered Plaintiff

> to exit the closet. . . . The officers then proceeded to hit and kick Plaintiff multiple
> times both before and after he was handcuffed. . . . During and after Plaintiff's
> arrest, multiple officers, including Defendant[] . . . Revell . . . physically struck
> Plaintiff, causing injuries to his face, knee, ribs, and shoulder, among other injuries.

Am. Compl. ¶¶ 17-20.  This Court has previously found claims based on similar allegations

withstood a motion for summary judgment for a claim of excessive force.  *See* ECF No. 73.

Certainly, these allegations also meet the lower standard of Rule 12(b)(6), in which Plaintiff must

only state a plausible claim for relief.

Second, Defendants argue Counts I and II in the Amended Complaint, claims of excessive

force and failure to intervene, pursuant to the Fifth and Fourteenth Amendments are futile.  Def.

Br. at 18.  Defendants' argument is these claims can only be stated pursuant to the Fourth

Amendment.  *Id.* at 19.  In his reply, Plaintiff concedes that he will pursue Counts I and II only as

violations of the Fourth Amendment.  Pl. R. at 9 n.2.  Therefore, the Court finds Counts I and II

of the Amended Complaint are not futile.

Third, Defendants argue Plaintiff's Count III, alleging a violation of the New Jersey Tort

Claims Act, is futile because Plaintiff failed to file a notice of claim as required by the statute.  The

New Jersey Tort Claims Act requires a plaintiff to submit a notice of claim ninety days after the

claim's accrual before he can sustain an action against a public entity or employee under the Act.

N.J. Stat. Ann § 59:8-3.  The Act further provides that if the plaintiff fails to submit a timely notice

of the claim, he may, "in the discretion of a judge of the Superior Court, be permitted to file such

notice at any time within one year after the accrual of his claim provided that the public entity or

the public employee has not been substantially prejudiced thereby."  N.J. Stat. Ann. § 59:8-9.  As

Plaintiff's claim accrued on the date he was arrested, February 11, 2006, he had ninety days from

that time to submit a notice of claim.  Plaintiff admits that he has not complied with the notice

provision of the Tort Claims Act.  *See* Pl. R. at 12.  Plaintiff has not cited, and the Court cannot

find, any relevant source which permits the Court discretion to extend the filing period beyond one year.[3] *See Dakka v. City of Hackensack*, No. CIV 09-4564 (WHW), 2010 WL 1490647, at *5 (D.N.J. Apr. 13, 2010). As more than one year has passed since the accrual of Plaintiff's claims, Plaintiff cannot file a notice of claim as required by the New Jersey Tort Claims Act. Accordingly, the Court finds Plaintiff's state law claims, Count III of the Amended Complaint, would be futile.

Fourth, Defendants argue Plaintiff's access to court claim is futile. There is no clear futility in this claim. Clear futility refers to patently frivolous or prohibited claims – e.g., a claim barred by the statute of limitations. Here, Plaintiff alleges he has been denied meaningful access to courts because Officer Revell failed to list the names of each officer present in the police report he prepared, Officer Voutsas did not identify the names of each officer present when giving his statements, Lieutenant Ortiz did not investigate, identify or report the names of each officer present in his internal affairs investigation, and the Captain and Chief of the JCPD approved and ratified the internal affairs investigation notwithstanding the failure to identify the officers. Am. Compl. ¶¶ 58-61. Plaintiff alleges that as a result, he is unable to identify each of the officers who used excessive force against him and is therefore unable to obtain full relief for his injuries. *Id.* ¶ 64.

---

[3] Plaintiff relies on *Hill v. Bd. Of Educ. of Middleton Twp.*, 183 N.J. Super. 36, 39-40 (App. Div. 1982), for the proposition that a court may "allow claims against a public entity to proceed 'where the interests of justice, morality and common fairness dictate that course.'" Pl. R. at 12. However, even the court in *Hill* acknowledges "[i]t is clear . . . that judicial discretion to extend the time for filing of the requisite notice does not survive the passage of one year following the accrual date of the claim." *Hill*, 183 N.J. Super. at 40 (citing *Speer v. Armstrong*, 168 N.J. Super. 251, 255 (App. Div. 1979)); *see also Barbieri v. Mayer*, No. A-0362-14T1, 2015 WL 9263849, at *3 (N.J. Super. Ct. App. Div. Dec. 21, 2015) ("Time after time this court has made abundantly clear that, after the ninety-day deadline has passed and a plaintiff has not utilized the procedure under N.J.S.A. 59:8–9 to obtain an extension of that period up to one year, courts lack jurisdiction to entertain tort claims if the required notices were not timely filed.") (collecting cases).

13

This is a fact dispute that is not susceptible to an amendment analysis.

Fifth, Defendants argue that the law of the case doctrine precludes Plaintiff from reasserting a claim of municipal liability as Judge Hayden previously granted summary judgment as to the JCPD, and Plaintiff's claim would be futile because he fails to state a claim upon which relief can be granted.  Def. Br. at 21-23.

The law of the case doctrine "limits relitigation of an issue once it has been decided in the same litigation."[4]  *White v. Smiths Detection, Inc.*, No. 10-4078 (KM), 2013 U.S. Dist. LEXIS 61387, at *50-51 (D.N.J. Apr. 29, 2013) (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)). The doctrine, however, only applies "to issues that the court actually decided, whether expressly or by implication."  *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 988 F.2d 414, 429 (3d Cir. 1993).  Construing the complaint liberally, Judge Hayden considered a municipal liability claim in which the alleged underlying constitutional violation committed by the JCPD was excessive force.  *See* ECF No 1; *Clinton v. Jersey City Police Dep't*, No. 07-5686, at *11 (D.N.J. Feb. 16, 2010).  In contrast, Count V of the Amended Complaint alleges a municipal liability claim based upon the constitutional violation of denial of access to courts.  The Amended Complaint details numerous factual allegations of the JCPD's failure to properly document or investigate the underlying incident to support this claim.  *See* Compl. ¶¶ 72-77.  The Amended Complaint also identifies evidence uncovered through discovery which occurred after Judge

---

[4] "Although '[t]he doctrine of law of the case is similar to the issue preclusion prong of res judicata in that it limits relitigation of an issue once it has been decided,' the doctrines are distinct. "[L]aw of the case is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principle in later stages of the same litigation. Res judicata does not speak to direct attacks in the same case, but rather has application in subsequent actions.'"  *Daramy v. Attorney Gen. of U.S.*, 365 F. App'x 351, 355 (3d Cir. 2010) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999)).

14

Hayden's Opinion had been issued. *See id.* ¶¶ 23-30. Therefore, the Court finds Judge Hayden's

Opinion did not actually decide Plaintiff's municipal liability claim based upon a denial of access

to courts, and the law of the case doctrine is inapplicable to preclude consideration of Count V.[5]

Next, the Court will consider whether the Count V *Monell* amendment is futile. "A

municipality may be held liable if a constitutional violation was caused by action taken pursuant

to a municipal policy or custom." *Brown v. Commonwealth of Pennsylvania, Dep't of Health*

*Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003) (citing *Monell v. Dep't*

*of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "The first question in any case alleging municipal

liability . . . is 'whether there is a direct causal link between a municipal policy or custom and the

alleged constitutional deprivation.'" *Id.* at 473 (quoting *City of Canton v. Harris*, 489 U.S. 378,

385 (1989)). Here, Plaintiff alleges the JCPD "has adopted an official practice or custom of not

investigating claims of unreasonable excessive force or disciplining officers for the use of

excessive force," and this practice caused Defendant officers to violate Plaintiff's constitutional

right of access to the court. Compl. ¶¶ 73-76. The Court finds the *Monell* claim amendment

presents factual allegations about the nature of the JCPD's policies or customs which are

---

[5] Even if the law of the case doctrine applied, reconsideration would be appropriate in light of the availability of new evidence. "Reconsideration of an issue that was decided previously in a given litigation and would otherwise be barred by the law-of-the-case doctrine is appropriate only in extraordinary circumstances." *White*, 2013 U.S. Dist. LEXIS 61387, at *51-52. The availability of new evidence constitutes one category of such extraordinary circumstances. *Id.* "If evidence is allegedly new, the court determines whether it constitutes an extraordinary circumstance warranting reconsideration of a previously-decided issue by comparing the new evidence to evidence pleaded previously in support of that same issue." *Id.* Whereas Judge Hayden made clear that Plaintiff did not present "any evidence" to support his municipal liability claim, the Amended Compliant contains numerous specific allegations to support a municipal liability claim based upon a policy or custom of the JCPD of a failure to document or investigate claims of excessive force. *See* Compl. ¶¶ 24-31, 73. Accordingly, as the new evidence available is materially different from the evidence previously cited by Plaintiff, the law of the case doctrine is not applicable.

inappropriate to conclusively resolve in the context of this motion to amend. For purposes of this motion, the Court is not able to conclude that Plaintiff's surviving claims are *clearly* futile. *See Harrison Beverage Co.*, 133 F.R.D. at 468.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiff's motion for leave to amend is granted as to Counts I, II, IV, and V and is denied as to Count III.   An appropriate Order accompanies this Opinion.

**DATED:** March 16, 2017

CLAIRE C. CECCHI, U.S.D.J.

16